The Honorable Henry Wilkins State Senator 717 West 2nd Avenue Pine Bluff Arkansas 71601
Dear Senator Wilkins:
You have requested an Attorney General opinion concerning a civil service commission's rules and regulations for advancement from lower to higher ranks within a police department.
Background
You state that in 1999 the Pine Bluff Civil Service Commission revised its rules and regulations regarding advancement between ranks, so as to make the rules and regulations consistent with A.C.A. §14-51-301(4)(A)(ii), which states:
 (4)(A)(ii) No person shall be eligible for examination for advancement from lower ranks to higher ranks until that person shall have served at least one (1) year in the lower rank, except in case of emergency, which emergency shall be decided by the board. The board shall determine the rank or ranks eligible to be examined for advancement to the higher rank.
A.C.A. § 14-51-301(4)(A)(ii).
It is my understanding that, as revised, the Commission's rules and regulations state a minimum one-year experience requirement for examination for promotion from a lower rank to a higher rank.
You also state that there is a potential conflict between this one-year requirement and a "Job Descriptions Manual" that the Commission adopted in 1998 as a part of its rules and regulations. The Job Descriptions Manual creates more stringent eligibility standards for promotion to certain positions. The job description for the position of "Patrol Lieutenant," as set forth in the manual, states that to be promoted to this position, the candidate must have served at least seven years as a Law Enforcement Officer with a minimum of two years of supervisory experience.
It is my understanding that since the adoption of the Job Descriptions Manual in 1998, the Civil Service Commission's practice for promotion has been to allow candidates for promotion to take the examination only after they had met the experience requirements stated in the Job Descriptions Manual. Prior to the adoption of the manual, the Commission allowed candidates to take the examination after attaining one year of experience, as stated in A.C.A. § 14-51-103. The Civil Service Commission recently published notice that is was offering a promotion examination. The notice for the exam stated that the eligibility for examination is one year of supervisory experience.
Question Presented
In light of the foregoing, you have asked:
 (1) Should the Civil Service Commission place a successful candidate for the lieutenant position, who has one year of supervisory experience, on a list for future promotion until such time as that person has two years of supervisory experience as stated in the Job Description Manual, even though this has not been the practice of the Civil Service Commission?
 (2) If so, what are the consequences of the Commission's pre-1998 practice of promoting individuals who did not have the required two years of supervisory experience required in the Job Description Manual?
RESPONSE
I must decline to opine in response to your questions, because of the occurrence of certain events during the time period since you presented your request.
First, it is my understanding that on the day after you presented your request, the Commission met and adopted a new rule, which provides that candidates may take the examination after attaining one year of experience, and then be placed on an eligibility list until such time as they have attained the further experience required for promotion under the Job Descriptions Manual. This change in the Commission's rules and regulations renders your questions moot.
Second, it is my further understanding that the Commission's examination and promotion practices have become the subject of an adversary administrative proceeding. It is a long-standing policy of this office not to issue legal opinions on matters that are pending before a judicial or quasi-judicial branch of government for determination. Such matters are properly decided by the judicial or quasi-judicial branch of government that is charged with the responsibility of deciding the dispute presented to it; commentary from any of the other branches of government could present a threat to the constitutional principle of separation of powers.
For the foregoing reasons, I must decline to respond to your request.
Assistant Attorney General Suzanne Antley prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh